**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SHAUN BIRD,

    Petitioner,

v.                                                                                      Civ. No. 17-903 JAP/SMV

WARDEN BOWING,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

On August 31, 2017, Petitioner Shaun Bird filed a PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS. Doc. 1. For the reasons explained below, the Court determines that Bird is not entitled to relief under § 2241 and will dismiss the Petition with prejudice.

**I.   Factual and Procedural Background**[1]

In 2007, Bird was convicted in State of New Mexico First Judicial District Court of two counts of attempted murder.[2] He was sentenced to nine years imprisonment on each count, with the terms to run consecutively for a total term of imprisonment of eighteen years. On June 28, 2014, while Bird was serving his sentence at the Springer Correctional Center (SCC), a correctional officer observed Bird walking with a clenched fist. The officer confiscated from Bird

---

[1] The Court has reviewed the official record in Bird's state court proceedings through the New Mexico Supreme Court's online Secured Odyssey Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in Bird's state criminal and state habeas corpus cases, D-117-CR-2006-00126, M-10-FR-2014-00031, and D-818-CV-2015-00031. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (explaining that the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Stack v. McCotter*, 79 F. App'x 383, 391 (10th Cir. 2003) (unpublished) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).
[2] *State v. Bird*, D-117-CR-2006-00126.

a piece of paper with a black substance inside, which tested positive for heroin.[3] Bird was charged in state magistrate court with bringing contraband onto prison grounds and possession of a controlled substance.[4] On November 4, 2014, Bird pleaded guilty to the charge of possession of a controlled substance and was sentenced to 364 days probation and jail time in lieu of fines.[5]

The New Mexico Corrections Department (NMCD) also charged Bird with major misconduct category A(18) possession or use of dangerous drugs.[6] A disciplinary hearing was conducted on notice to Bird. Bird represented himself at the disciplinary hearing. Evidence was presented, and Bird testified on his own behalf.[7] Bird moved to dismiss the charges on the ground that he had not had a major infraction in the preceding six years. The hearing officer denied the motion to dismiss based on two prior major misconduct infractions by Bird within the last five years.[8] The hearing officer found Bird guilty of the charges.[9] NMCD imposed 180 days of restricted visitation and forfeited all of Bird's earned good time credits.[10]

On May 22, 2015, Bird filed a Petition for Writ of Habeas Corpus in state court, challenging the loss of visitation and good time credits.[11] Bird asserted that his due process rights were violated in the disciplinary process because there was no proof, he was denied legal representation, his confession was coerced, his good time credits were improperly forfeited, and he was not allowed to file a grievance regarding the forfeiture of good time credits. In a November 18, 2015

---

[3] *Bird v. Hatch*, No. D-818-CV-2015-00031, STATE OF NEW MEXICO'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, Exhibit 6 (Inmate Misconduct Report).
[4] *State v. Bird*, No. M-10-FR-2014-00031.
[5] D-818-CV-2015-00031, STATE OF NEW MEXICO'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, Exhibit 5 (M-10-FR-2014-00031, Judgment & Sentence).
[6] D-818-CV-2015-00031, STATE OF NEW MEXICO'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, Exhibit 4 (Disciplinary Summary of Evidence and Proceedings).
[7] *Id.*
[8] *Id.*
[9] D-818-CV-2015-00031, STATE OF NEW MEXICO'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, Exhibit 1 (Disciplinary Decision).
[10] *Id.*
[11] D-818-CV-2015-00031, PETITION FOR WRIT OF HABEAS CORPUS.

supplemental filing, he specifically argued three grounds: (1) that the NMCD failed to establish a chain of custody for the heroin that was found on Bird; (2) that the video surveillance showed that Bird did not hand the heroin to the corrections officer but, instead, the heroin was recovered from the floor; and (3) when the disciplinary decision was issued, Bird had already completed the sentence from which the good time credits were forfeited.[12] The state court dismissed Bird's state habeas petition on the grounds that: (1) all disciplinary procedures were followed and substantial evidence supporting the decision was produced consistent with due process requirements; (2) Bird had not completed the sentence prior to forfeiture of the good time credits; and (3) Bird's guilty plea in M-10-FR-2014-00031 supported the hearing officer's decision.[13] The New Mexico Supreme Court denied certiorari and declined to review the dismissal of Bird's habeas corpus petition on August 2, 2017.[14]

Bird then filed his Petition under 28 U.S.C. § 2241 in this Court. Doc. 1. In his Petition, Bird raises the same arguments he made in state court challenging the disciplinary proceeding. Bird contends that his due process rights were violated in the disciplinary process because there was no proof, he was denied legal representation, his confession was coerced, he was denied access to view and present evidence, NMCD refused to send the evidence to an outside laboratory for testing, there was no chain of custody for the confiscated heroin, the number of forfeited good time credits exceeded the amount allowed by NMSA 1978, § 33-2-6, lack of jurisdiction, and double jeopardy. Doc. 1 at 3–7. In his prayer for relief, Bird asks this Court for "leniency regarding the grounds and facts stated in this Petition." Doc. 1 at 10.

---

[12] D-818-CV-2015-00031, SUPPLEMENT TO PETITION FOR WRIT OF HABEAS CORPUS.
[13] D-818-CV-2015-00031, PROCEDURAL ORDER ON PETITION FOR WRIT OF HABEAS CORPUS.
[14] *Bird v. Hatch*, No. S-1-SC-036076.

## II. Analysis

In his Petition, Bird challenges on constitutional due process grounds the prison disciplinary proceedings that resulted in loss of good time credits. Doc. 1 at 3–7. It is well established that prisoners possess a liberty interest in earned good time credits. *Stine v. Fox*, 731 F. App'x 767, 769 (10th Cir. 2018) (unpublished) (citing *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). Because prisoners possess a liberty interest, they are entitled to due process protections before being deprived of those credits. *Wolff*, 418 U.S. at 558.

When a prison disciplinary hearing may result in the loss of earned credits, a prisoner must be accorded "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff*, 418 U.S. at 563–67. In addition, revocation of good time does not comport with the minimum procedural due process requirements unless the prison's disciplinary findings are "supported by some evidence in the record." *Hill*, 472 U.S. at 454.

That being said, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Although the right of a prisoner to call witnesses and present documentary evidence is central to the *Wolff* requirements, the right is "necessarily circumscribed by the penological need to provide swift discipline in individual cases." *Ponte v. Real*, 471 U.S. 491, 495 (1985). The right to call witnesses is further subject to the "mutual accommodation between institutional needs and objectives and the provisions of the Constitution." *Id.* (internal quotation marks omitted). "[A]s with a prisoner's request to call a particular witness, prison officials are required to consider a

request for documentary evidence on an individualized basis." *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority[.]" *Wolff*, 418 U.S. at 566.

In this case, Bird's disciplinary hearing complied with the due process requirements for prison disciplinary proceedings in *Wolff*. The record demonstrates that Bird received: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) the opportunity to call witnesses, present documentary evidence in his defense, review the evidence submitted against him, including the chain of custody evidence for the confiscated heroin; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. *See* No. D-818-CV-2015-00031, STATE OF NEW MEXICO'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, Exhibits 3–5.

The state court concluded that the record establishes that Bird received a procedurally fair disciplinary hearing and that the results of the disciplinary hearing were supported by evidence in the record. *See* No. D-818-CV-2015-00031, PROCEDURAL ORDER ON PETITION FOR WRIT OF HABEAS CORPUS. The state court cannot "look behind the evidence and substitute its judgment for that of prison officials." *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990); *see also Hill*, 472 U.S. at 455; *Harrison v. Morton*, 490 F. App'x 988, 993 (10th Cir. 2012) (unpublished). Further, this Court's review of the record indicates that the state court's decision on Bird's habeas corpus petition did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Wilson v. Sellers*, 138 S.Ct. 1188, 1191 (2018).

As part of his due process allegations, Bird claims that he was deprived of legal representation. Doc. 1 at 2–3. In the context of prison disciplinary proceedings, the Supreme Court has held that due process does not require representation of the inmate by legal counsel. *Wolff*, 418 U.S. at 570. Instead, the Supreme Court has indicated that if an illiterate inmate is involved or the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary, the prisoner should be free to seek the aid of a fellow inmate or to have adequate substitute aid in the form of help from the staff. *Id*. The disciplinary record shows that Bird was offered, but expressly rejected, the assistance of another inmate or staff member. *See* No. D-818-CV-2015-00031, STATE OF NEW MEXICO'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, Exhibit 3. Bird's due process rights were not violated by the failure to provide him legal counsel for the disciplinary hearing.

Bird also alleges a due process violation arising from the hearing officer's refusal to admit security camera footage of the incident at the hearing. Doc. 1 at 4. The disciplinary record, however, does not establish that video surveillance of the incident existed. Nor is there any indication that the hearing officer was aware of any surveillance footage or that Bird sought to view or present the surveillance footage (assuming it existed) during the disciplinary proceeding. Regardless of whether the footage existed, there was no due process violation because there was other evidence including the correctional officer's misconduct report, the NMCD testing results, and Bird's own admission of guilt to support the hearing officer's decision. *See Hill*, 472 U.S. at 455–56 ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits . . . . [T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." (emphasis added)); *see Ruelas v. Zuercher*, 240 F. App'x 796, 797 (10th Cir. 2007)

(concluding that due process requirements were satisfied in disciplinary proceeding because incident report alone constituted "some evidence" to support hearing officer's decision to revoke good time credit); *See Crosby v. Fox*, 757 F. App'x 673, 678 (10th Cir. 2018) (reasoning that even if disciplinary officer's denial of petitioner's request to personally review surveillance video "constituted a procedural due process violation, it would have been harmless error because the disciplinary officer "based his decision on the video in addition to other evidence").

Bird also alleges a due process violation arising from the NMCD's refusal of his request to send the drug evidence to an outside laboratory to confirm NMCD's testing results. Doc. 1 at 4. Bird does not allege that the testing conducted by the NMCD was faulty or otherwise unreliable; rather, he claims that outside testing would be necessary to confirm the NMCD's test results. The NMCD's refusal of Bird's request for outside testing does not implicate due process rights under *Hill*. *See Rhatigan v. Ward*, 187 F. App'x 889, 890 (10th Cir. 2006) (determining that prison officials' refusal to conduct a laboratory test to determine whether inmate's doctored soda can was used to smoke marijuana did not constitute a due process violation under *Hill* because there was other evidence in the record that inmate possessed marijuana).

Bird's final due process argument is that the hearing officer fabricated his admission of guilt to the major A(18) drug infraction during the disciplinary hearing when in fact, he only admitted committing a "lesser minor infraction." Doc. 1 at 4. The record of the disciplinary hearing, however, shows that Bird admitted committing the major A(18) drug infraction multiple times during the hearing and that he sought to dismiss the charge despite his admission of guilt on the grounds that it was his first major infraction in six years. *See* No. D-818-CV-2015-00031, STATE OF NEW MEXICO'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, Exhibit 4.

Bird also argues that the forfeiture of all of his good time credits exceeded the amount allowed by NMSA 1978, § 33-2-36. Section 33-2-36 provides:

> A. Meritorious deductions earned by a prisoner may be forfeited in an amount up to ninety days for two or more misconduct violations. Meritorious deductions earned by a prisoner may be forfeited in an amount in excess of ninety days for a major conduct violation.

NMSA 1978, § 33-2-36(A). Section 33-2-36 limits the amount of good time credits that may be forfeited for minor misconduct violations to 90 days. But, where, as here, the violation is a major conduct violation, the statute places no limitation on the number of meritorious deductions that can be forfeited. In light of the hearing officer's finding that Bird was guilty of the charged major conduct violation and had committed two other major conduct violations within the five years preceding the hearing, the forfeiture of all of Bird's good time credits did not exceed the amount allowed by statute.

Bird also contends that his good time credits could not be forfeited because he had completed the first 9-year sentence when the meritorious deductions were forfeited. Bird was serving two consecutive nine-year terms on two counts of attempted murder for a total sentence of 18 years. His New Mexico Corrections Department Good Time Figuring Sheet establishes that, contrary to Bird's argument, he had not completed the first 9 years at the time the good time credits were forfeited. *See* No. D-818-CV-2015-00031, STATE OF NEW MEXICO'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, Exhibit 2. As the state District Judge concluded, Bird had not completed the sentence prior to forfeiture of the good time credits. *See* No. D-818-CV-2015-00031, PROCEDURAL ORDER ON PETITION FOR WRIT OF HABEAS CORPUS. Thus, he is not entitled to relief on this basis.

Next, Bird raises an issue of "Jurisdiction." Doc. 1 at 6. As facts in support of this issue, he states "[a]ccording to the, respective, law mentioned above, Petitioner declares his civil status,

citizenship, domicile and tax status options is a true and factual basis for claim." The Court is unable to determine what, if any, jurisdictional issue Bird is raising, and the Court's independent review of the prison and state court proceedings discloses no jurisdictional defect.

Last, Bird also argues that the disciplinary sanctions imposed against him violated the double jeopardy clause. Doc. 1 at 7. The Double Jeopardy clause, however, only applies to proceedings that are "essentially criminal" in nature. *See Breed v. Jones*, 421 U.S. 519, 528 (1975). The law is well established that prison disciplinary sanctions do not implicate double jeopardy protections. *Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004); *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).

In sum, Bird is not entitled to relief under § 2241, and the Court will therefore dismiss the Petition with prejudice. Lastly, the Court considers whether Bird is entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding § 2253(c)(1)(A) applies when a state habeas petitioner is proceeding under § 2241). A certificate of appealability may issue only if Bird "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As discussed in this MEMORANDUM OPINION AND ORDER, the Court finds that Bird has failed to make the requisite showing of a denial of a constitutional right. Therefore, a certificate of appealability will not issue.

**IT IS THEREFORE ORDERED that:**

1. Petitioner Shaun Bird's PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS (Doc. 1), is dismissed with prejudice; and

2. A certificate of appealability is denied; and a final judgment will be entered by separate order.

_____
SENIOR UNITED STATES DISTRICT JUDGE